# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RON TEASLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-2933 |
| ) | |
| **MNPD** *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Ron Teasley, proceeding *pro se*,[1] has filed a civil rights complaint against defendants Metro Nashville Police Department ("MNPD"); State of Tennessee; attorneys Joy Kimbrough, Robert Vaughn, Ryan C. Caldwell and Edward Swinger; MNPD Police Officers James A. King, Joshua Lunn, Alex Moore and Gerald Hyder; Assistant District Attorney Antoinette Welch; Unknown Grand Jury Foreperson and Unknown Grand Jury Witness. (ECF No. 1.) Additionally, the plaintiff has applied to proceed *in forma pauperis*. (ECF No. 2)

Because it is apparent from the plaintiff's application that he lacks sufficient resources from which to pay the required filing fee, his application to proceed *in forma pauperis* (ECF No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47

---

[1] Although the plaintiff's case relates to a criminal conviction, he states that he is not currently incarcerated.

(Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

I.  FACTUAL ALLEGATIONS

In his complaint the plaintiff alleges that attorneys Vaughn, Caldwell and Kimbrough were negligent in various respects when they represented the plaintiff in connection with his criminal case. Specifically, the plaintiff alleges that in January, 2012, attorney Vaughn advised him that the evidence against him was overwhelming and instructed him to waive his preliminary hearing, "failed to exhaust my state remedy," failed to investigate the plaintiff's case even though there was no "chain of custody," the evidence was illegally obtained, there was no warrant authorizing an undercover operation, a confidential informant was used and the forfeiture warrants were misleading. (ECF No. 1 at Page ID# 8.) With respect to attorney Caldwell, the plaintiff alleges that in July 2013, Caldwell engaged in the same conduct as Vaughn. (*Id.*) Additionally, Caldwell failed to move for dismissal "due to the statute of limitations had expired in this case." (*Id.*) Finally, with respect to attorney Kimbrough, the plaintiff alleges that in June 2014, Kimbrough engaged in the same conduct as Vaughn and Caldwell, and she coerced and mislead the plaintiff into pleading guilty despite knowing that the evidence against him was illegal and fabricated. (*Id.*)

The plaintiff alleges that Officers King, Lunn, Moore and Hyder engaged in a variety of misconduct with respect to an undercover sting operation that allegedly took place November 22 and 23, 2011 and in connection with obtaining a forfeiture warrant during that same time period.

(*Id.* at Page ID# 9.) Specifically, the plaintiff alleges that Officers King, Lunn, Moore and Hyder abused their power as police officers on November 22 and 23, 2011, when they conducted an undercover sting operation without the proper authorization, they committed perjury when they said that the "buy money" was previously photocopied, they violated policy, procedure, rules and regulations in connection with the plaintiff's case, illegally obtained a forfeiture warrant and committed perjury when they said that $600 belonged to the plaintiff. (*Id.*) Additionally, they failed to do a field analysis test on the marijuana and instead sent it to a lab for testing. (*Id.*) Finally, they failed to ensure a proper "chain of custody" with respect to the evidence in the plaintiff's case. (*Id.*)

The plaintiff alleges that in July, 2013 Assistant District Attorney Welch maliciously prosecuted him even though she knew that the evidence against him was illegally obtained, knew about Officer King's illegal activity, knew that the Officers violated policy, procedure, rules and regulations, that the statute of limitations had passed and that Officer King had committed perjury with regard to the "buy money" and the alleged listening device. (*Id.* at Page ID# 10.) Additionally, the plaintiff alleges that on March 8, 2013, the Unknown Grand Jury Witness offered perjured testimony before the Grand Jury of Davidson County and the Unknown Grand Jury Foreperson knowingly accepted perjured testimony and illegal evidence to obtain an indictment. (*Id.*)

As relief, the plaintiff seeks compensatory and punitive damages against each defendant.

## II. STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on

which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out

in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## III.  DISCUSSION

The plaintiff raises claims for attorney negligence, official misconduct, malicious prosecution and perjury. For the reasons that follow, the plaintiff fails to state any claim upon which relief can be granted and sues parties who are immune from suit.

### A.  The Plaintiff's Action is Barred

The essence of the plaintiff's action is an attack on the validity of a prior conviction.[2] To the extent Plaintiff seeks relief for alleged violations of his constitutional rights in connection with that prior conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted,

---

[2] The plaintiff has attached as exhibits to his complaint documents produced in Davidson County Criminal Case No. 2013-A-640 which he contends support his claims for relief. The court takes judicial notice of the Davidson County Criminal Court docket in Case No. 2013-A-640 which reflects that on December 17, 2015, the plaintiff was convicted of two felony counts of sale of a controlled substance (marijuana) on November 22 and 23, 2011. *See* Fed. R. Evid 201; *Schreane v. Patterson*, No. 1:12-cv-323, 2014 WL 415957, at *3 (E.D. Tenn. Feb. 4, 2014) (recognizing that [a]lthough the district courts ordinarily do not consider matters outside the civil rights complaint when deciding whether to dismiss it for failure to state a a claim, they may consider public records and any other matters of which the court may take judicial notice under Rule 201(b) of the Federal Rules of Evidence. (internal citations omitted).)

emphasis added); *see also Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). The plaintiff's allegations clearly call into question the validity of his conviction. The plaintiff has failed to set forth any facts to suggest that his conviction has been invalidated or otherwise set aside. Therefore, his action is barred under *Heck*.

Even if the plaintiff's claims were not barred by *Heck*, however, this action would still be dismissed.

      B. Immunity

Assistant District Attorney Welch is entitled to absolute immunity for her actions in connection with the plaintiff's criminal prosecution.

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Using this approach, courts have concluded that a prosecutor is protected "in connection with his duties in functioning as a prosecutor." *See Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (looking to the "nature of the function performed, not the identity of the actor who performed it"). Accordingly, prosecutors are absolutely immune from many malicious prosecution claims. *Burns*, 500 U.S. at 485 n. 4 (citing *Yaselli v. Goff*, 275 U.S. 503 (1927)). Similarly, absolute immunity is appropriate for claims based on the prosecutor's appearance at a probable cause hearing and before a grand jury. *Id*. at 487 & n. 6. Absolute immunity applies to "acts . . . includ[ing] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or

before a grand jury after a decision to seek an indictment has been made." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Moreover, even the knowing presentation of false testimony at trial is protected by absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley*, 509 U.S. at 267 n. 3 (noting the Seventh Circuit's conclusion that "[p]resenting ... fabricated evidence to the grand jury and ... trial jury ... [are] actions protected by absolute immunity." (citing *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1243 (7th Cir. 1990))).

As the Sixth Circuit has explained, "The analytical key to prosecutorial immunity, therefore, is advocacy—whether the actions in question are those of an advocate." *Holloway*, 220 F.3d at 775. Thus, the "critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Id.*

The plaintiff alleges that Assistant District Attorney Welch knowingly used illegally obtained evidence and perjured testimony in connection with his criminal prosecution. Because the plaintiff's allegations relate to Assistant District Attorney Welch's role as an advocate during his criminal proceedings, she is entitled to absolute immunity.

The Unknown Grand Jury Foreperson and the Unknown Grand Jury Witness also are entitled to absolute immunity from suit. *See* <u>Rehberg v. Paulk</u>, 132 S. Ct. 1497, 1506 (2012) (concluding that grand jury witnesses are absolutely immune from any § 1983 claim based on the witness' testimony); *Doe v. Boland*, 630 F.3d 491, 498 (6th Cir. 2011) (recognizing that the absolute immunity that applies to judges also applies to "grand jurors ... in carrying out their official duties.") Because it is clear that the plaintiff's claims against the Unknown Grand Jury Foreperson and the Unknown Grand Jury Witness arise out of their performance of their duties, they are absolutely immune from suit.

7

### C. Attorney Swinger, MNPD and State of Tennessee

The plaintiff has failed to allege any facts to suggest that attorney Swinger, the MNPD or the State of Tennessee were responsible for any constitutional violations he allegedly suffered. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights. Because the plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Swinger, MNPD and State of Tennessee.

Moreover, even if the plaintiff had alleged facts implicating the MNPD or the State of Tennessee, his complaint would still be dismissed. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.,* No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn.

Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Tennessee has not consented to civil rights suits in federal court. *Berndt v. Tennessee,* 796 F.2d 879 (6th Cir. 1986). Consequently the plaintiff has no arguable basis in law or fact which would entitle him to relief from the MNPD or the State of Tennessee.

        D. Statute of Limitations

The plaintiff's claims against attorneys Vaughn, Caldwell and Kimbrough, and Officers King, Lunn, Moore and Hyder are barred by the statute of limitations. For all § 1983 actions, federal courts apply the state personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under § 1983 is one year. *See* Tenn. Code Ann. § 28-3-104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992). Although state law governs for the purpose of determining the appropriate statute of limitations, "federal law governs the question of when that limitations period begins to run." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*.

The plaintiff alleges that Vaughn's negligence occurred in January 2012, that Caldwell's negligence occurred in July 2013 and Kimbrough's negligence occurred in June, 2014.[3] (ECF No. 1 at Page ID# 8.) Additionally, the plaintiff alleges that Officers King, Lunn, Moore and Hyder engaged in "official misconduct" on November 22 and 23, 2011.[4] (*Id.* at Page ID# 10.) The plaintiff filed this action on November 18, 2016, which, with respect to these defendants, is well beyond the one year statute of limitations.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, the plaintiff claims against Vaughn,

---

[3] Although the judicially noticed criminal court docket makes clear that the plaintiff's conviction was not final until December 17, 2015, there is nothing in his complaint to suggest that he was not aware of the negligence about which he complains on the dates he identifies in his complaint.
[4] To the extent the plaintiff might argue that he did not learn of the officers' official misconduct until much later than November, 2011, attached as an exhibit to the plaintiff's complaint is a copy of the State's Response to Request for Discovery, which was served on the plaintiff on July 1, 2013, and indicates that all tangible objects and documents subject to discovery pursuant to Rule 16(a)(1)(F), Tenn. R. Crim P., and which the State intends to introduce in its case-in-chief were produced. (ECF No. 1-1 at Page ID# 22-24.) Rule 16(a)(1)(F) requires the state to produce items: (i) material to preparing a defense; (ii) which the state intends to use in its case-in-chief and (iii) items obtained from or belonging to the defendant. Thus, the plaintiff would have been aware of the officer-defendants alleged misconduct by the time this discovery was produced.

Caldwell, Kimbrough, King, Lunn, Moore and Hyder must be dismissed because they are time-barred.

IV. **CONCLUSION**

Because the complaint does not contain sufficient facts to plausibly allege any claims upon which relief may be granted and because the plaintiff has sued defendants who are immune from suit, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge